UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAROLYN MILLHOUSE,

    Plaintiff,

v.                                  CASE No. 8:08-CV-378-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER

THIS CAUSE came on for consideration upon the Plaintiff's Unopposed Motion for Award of Attorney's Fees (Doc. 16) filed by counsel for the plaintiff on May 27, 2009. Having considered the application, the defendant's lack of objection, and the pertinent factors regarding an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), the plaintiff shall be awarded $3,465 in fees and $350 in filing costs to be paid, by virtue of a fee assignment, to plaintiff's counsel by the defendant.

The applicant represented the plaintiff in this action seeking review of a denial of supplemental security income payments. This matter was reversed and remanded to the Social Security Administration by order of this court dated March 23, 2009 (Doc. 14). Judgment was therefore entered

in favor of the plaintiff (Doc. 15). The plaintiff then filed this application for attorney's fees under the EAJA (Doc. 16).

The EAJA requires a court to award attorney's fees and costs to any party prevailing in litigation against the United States unless the court finds that the position of the United States was "substantially justified" or that "special circumstances" make such an award unjust. 28 U.S.C. 2412(d)(1)(A). In this case, the applicant has requested an award of attorney's fees in the amount of $3,465 representing 22.0 total hours of service before the court at an hourly rate of $157.50 in 2008 and 2009 by attorney Erik W. Berger (Doc. 16, p. 3). The plaintiff states that the defendant has no objection to this request (id., p. 2). Moreover, the defendant has not responded despite adequate time to do so.

There is no question that the plaintiff is a prevailing party. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Moreover, no special circumstance exists which would make an award of attorney's fees unjust. Accordingly, the award of attorney's fees and filing costs to the plaintiff in this case is appropriate under the EAJA.

The claim of 22.0 hours for services performed in this case appears reasonable. Importantly, the defendant has not challenged that claim.

As for counsel's hourly rate, the applicant asserts that a cost of living adjustment merits raising the hourly rate from the statutory amount of $125 per hour to $157.50 per hour for work performed in 2008 and 2009 (Doc. 16, p. 3). In the past, the Commissioner has not objected to such an adjustment, and no objection has been asserted here. Moreover, the rate is warranted and reasonable in light of the requested cost of living adjustment. Accordingly, the plaintiff will be awarded an attorney's fee in the amount of $3,465.

Finally, it is requested that the attorney's fees and costs be paid directly to plaintiff's counsel (id., p. 1). In Reeves v. Astrue, 526 F.3d 732 (11th Cir. 2008), the Eleventh Circuit held that an EAJA award in a Social Security disability case is payable directly to the plaintiff, not counsel. However, in this case, the plaintiff agreed that the EAJA award be made to his counsel (Doc. 17, p. 6). Furthermore, the defendant has not raised any opposition to an award of attorney's fees under the EAJA directly to counsel in this circumstance. Therefore, by virtue of the fee assignment and the defendant's lack of opposition, the award of attorney's fees and filing costs is payable to plaintiff's counsel in this case.

For the foregoing reasons, the Plaintiff's Unopposed Motion for Award of Attorney's Fees (Docs. 16) is hereby **GRANTED**. The plaintiff is hereby awarded the amount of **$3,465.00** in attorney's fees and $350 in costs to be paid to the plaintiff's counsel by the defendant pursuant to the EAJA.

IT IS SO ORDERED.

DONE and ORDERED at Tampa, Florida, this 3rd day of July, 2009.

*[signature]*
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE